NUMBER
13-01-552-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                       CORPUS
CHRISTI-EDINBURG

___________________________________________________________________

 

EL PUERTO DE LIVERPOOL, S.A. DE C.V.,                              Appellant,

 

                                                   v.

 

SERVI MUNDO LLANTERO S.A. DE C.V.,                                 Appellee.

___________________________________________________________________

 

                         On
appeal from the 92nd District Court

                                  of Hidalgo County, Texas.

__________________________________________________________________

 

        OPINION
ON MOTION FOR REHEARING EN BANC

 

                                  Before
the Court En Banc

                              Opinion
by Chief Justice Valdez

 








Appellant, El Puerto de Liverpool, S.A. de C.V., has moved for
rehearing and for rehearing en banc of this Court=s decision, issued May 30, 2002, affirming
the denial of its special appearance.  El
Puerto asserts that this Court=s opinion must
be withdrawn in light of the Texas Supreme Court=s subsequent decision in BMC Software
Belgium, N.V. v. Marchand, 45 Tex. Sup. Ct. J. 930, 2002 Tex. LEXIS 103
(June 27, 2002).  We overrule El Puerto=s motions for
rehearing, but issue this opinion on rehearing to acknowledge and discuss this
recent authority.

In BMC, the Texas Supreme Court lays to rest the split
among the courts of appeal regarding the appropriate standard of review for a
trial court=s order denying
a special appearance.  Id. at
*4-*5 (contrasting abuse of discretion standard applied by the Fourth Court of
Appeals and sufficiency review applied by the majority of appellate
courts).  Under the test adopted by the supreme court, we review the trial court=s factual
findings for legal and factual sufficiency and the trial court=s legal
conclusions de novo.  Id.  This is the standard that we applied in the
instant case, and the BMC opinion confirms the correctness of that
standard.

In BMC, the Texas Supreme Court further establishes that
the party seeking to establish alter ego jurisdiction has the burden of proof
to establish the alter ego relationship. 
Id. at *20-*21.  Although in our opinion we state that this
allocation of the burden of proof is questionable, noting a distinct split
among the courts of appeals, we did not seek to resolve this issue in the instant
case because the result was the same regardless of whether the plaintiff or the
defendant bore the burden of proof. 
Consequently, the supreme court=s clarification
of the burden does not affect our opinion in this regard. 








Finally, in BMC, the Texas Supreme Court expressly
articulates the test for finding jurisdiction based on an alter ego
relationship.  See id. at *19-*22.  This is
the same test that we applied in the instant case.  The Texas Supreme Court neither changed the
law nor suggested any standard other than the one applied in our original
opinion.  Although in BMC, the
court failed to find jurisdiction based on an alter ego relationship, we note
that this holding was largely the result of the plaintiff=s failure to
offer proof in the record of the allegations underlying the alter ego
claim.  Id. at
*23-*25.  There was no similar
failure of proof in this case.  

 

___________________________

ROGELIO
VALDEZ

Chief
Justice

 

Publish.

Tex.
R. App. P.
47.3.

 

Concurring
opinion by Justice Dorsey.

 

Opinion on Motion for
Rehearing En Banc 

delivered and filed this 1st
day of August, 2002.